UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Young Sang Kim, Jin Hee Kim, In Jun Bang and Ok Hwan Bang<br>On behalf of themselves and all other Plaintiffs similarly situated known and unknown<br><br>      Plaintiffs,<br> v.<br><br>A Cleaner City Livingston LLC, A Cleaner City Millburn LLC, A Cleaner City Springfield LLC, A Cleaner City West Caldwell LLC, A Cleaner City Westwood LLC, Young Sun Lee aka Tom Lee and Estelle Lee<br><br>      Defendants. | Index No. 19-CV-18299<br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

 Plaintiffs, Young Sang Kim, Jin Hee Kim, In Jun Bang and Ok Hwang Bang through their attorneys, for their Complaint against A Cleaner City Livingston LLC, A Cleaner City Millburn LLC, A Cleaner City Springfield LLC, A Cleaner City West Caldwell LLC, A Cleaner City Westwood LLC, Young Sun Lee aka Tom Lee and Estelle Lee ("Defendants"), state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 *et seq.*; the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.*; and the New Jersey Wage and Hour Regulations, N.J.A.C. §§ 12:56 *et seq.* for Defendants' failure to pay overtime compensation to Plaintiffs. During the course of their employment by Defendants, Plaintiffs regularly worked more than eight (8) hours per day and over forty (40) hours

1

per week. Defendants did not pay Plaintiffs overtime compensation. Plaintiffs further allege that Defendants' failure to pay overtime wages was willful and intentional.

## THE PARTIES

2. Plaintiffs were at all times relevant hereto employees of Defendants.

3. Plaintiffs were at all times relevant hereto individuals employed in the State of New Jersey by Defendants.

4. Plaintiffs had at all times relevant hereto resided in the State of New Jersey.

5. Plaintiffs were at all times relevant hereto non-exempt employees within the meaning of the FLSA, NJSA and NJAC and the implementing rules and regulations of the FLSA and NJSA.

6. Plaintiffs are filing this FLSA claim as an individual action for themselves as well as on behalf of all other Plaintiffs similarly situated known and unknown.

### Plaintiffs Young Sang Kim and Jin Hee Kim ("Kims")

7. Plaintiffs Young Sang Kim and Jin Hee Kim were hired by Defendants as dry cleaner workers on about July 1, 2015.

8. For the period commencing from about July 1, 2015, until the current, Kims regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants over twelve (12) hours per day and over seventy (70) hours per week.

9. Kims were paid $1,000 per week each regardless of the hours they worked per day or per week.

10.     They usually started their work at 7:00 am and ended at 7:00 pm for 6 days a week. They were required to work until 10 p.m. to repair machines about 6 times per month.

### Plaintiffs In Jun Bang and Ok Hwan Bang ("Bangs")

11.     Plaintiffs In Jun Bang and Ok Hwan Bang were hired by Defendants as dry cleaner workers on about January of 2013.

12.     For the period commencing from about January 2013, until December 2017, Bangs regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants over twelve (12) hours per day and over seventy (70) hours per week.

13.     Bangs were paid $1,000 per week each regardless of the hours they worked per day or per week.

14.     They usually started their work at 7:00 am and ended at 7:00 pm for 6 days. They were required to work until 10 p.m. to repair machines about 6 times per month.

### All Plaintiffs

15.     Plaintiffs were responsible for greeting clients, receiving garments from clients or other drop off cleaners, tagging garments, washing, spotting, repairing machines, lawn mowing, and snow plowing.

16.     Plaintiffs witnessed that almost all the other employees did not receive overtime wage regardless of the hours they worked in a day or a week.

17.     Plaintiffs regularly worked more than 40 hours a week and were never paid the proper amount of overtime wages.

18. Plaintiffs performed manual labor for Defendants.

19. Plaintiffs were assigned to the said manual labor by Defendants.

20. Plaintiffs were not required to possess any specialized skills in order to do the assigned work for Defendants.

21. Plaintiffs did not have to supply their own tools and equipment in connection with their work for Defendants.

22. Plaintiffs were required to report to work for Defendants at a certain time.

23. Plaintiffs could not set their own hours of work for Defendants.

24. Defendants are and were at all relevant times hereto engaged in the business of dry cleaners.

25. Defendants A Cleaner City Livingston LLC, A Cleaner City Millburn LLC, A Cleaner City Springfield LLC, A Cleaner City West Caldwell LLC, A Cleaner City Westwood LLC are and were at all relevant times hereto engaged in the interstate commerce.

26. Defendants, Young Sun Lee and Estelle Lee managed, supervised, established and administered the terms and conditions of Plaintiffs' employment.

27. Defendants, Young Sun Lee and Estelle Lee participated in and approved of the unlawful pay practices of the business at Livingston in New Jersey.

28. Defendants, Young Sun Lee and Estelle Lee were involved in assigning work to Plaintiffs.

29. Defendants, Young Sun Lee and Estelle Lee had the power and authority to discipline Plaintiffs.

30. Defendants, Young Sun Lee and Estelle Lee exercised authority over the terms and conditions of Plaintiffs' employment and how much and the manner in which Plaintiffs were paid.

31. Defendants, Young Sun Lee and Estelle Lee hired Plaintiffs.

32. Defendants, Young Sun Lee and Estelle Lee were in charge of paying employees.

33. Defendants, Young Sun Lee and Estelle Lee told Plaintiffs where to work and when to work.

34. Defendants employed Plaintiffs to do work for them in the States of New Jersey.

35. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

36. Defendants provided the tools and equipment and materials for Plaintiffs to do their job with Defendants.

37. Defendants held Plaintiffs out as employees.

38. Defendants employed and paid Plaintiffs as their employees.

39. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the N.J.S.A.

40. No exemption from overtime wages applied to Plaintiffs' employment with Defendants.

41. Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

42. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

43. No exemption from overtime applies or applied to Plaintiffs when they worked more than 40 hours in a workweek for Defendants.

44. Defendants failed to pay Plaintiffs overtime premium for all hours worked in excess of 40 hours per workweek.

45. Defendants' failure to pay Plaintiffs at the proper overtime rate was intentional and willful.

46. Defendants A Cleaner City Livingston LLC, A Cleaner City Millburn LLC, A Cleaner City Springfield LLC, A Cleaner City West Caldwell LLC, A Cleaner City Westwood LLC are New Jersey limited liability companies and are enterprises as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

47. Upon information and belief, A Cleaner City Livingston LLC, A Cleaner City Millburn LLC, A Cleaner City Springfield LLC, A Cleaner City West Caldwell LLC, A Cleaner City Westwood LLC have been, at all relevant times, enterprises engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

48. Upon information and belief, Defendants A Cleaner City Livingston LLC, A Cleaner City Millburn LLC, A Cleaner City Springfield LLC, A Cleaner City West Caldwell LLC, A Cleaner City Westwood LLC at all relevant times, were employers as

defined by FLSA and N.J.S.A.

49.     Defendant, Young Sun Lee is a citizen and a resident of State of New Jersey and is the owner, respectively, of Defendants A Cleaner City Livingston LLC, A Cleaner City Millburn LLC, A Cleaner City Springfield LLC, A Cleaner City West Caldwell LLC, A Cleaner City Westwood LLC.

50.     Defendant, Estelle Lee is a citizen and a resident of State of New Jersey and is the owner, the registered agent and the manager, respectively, of Defendants A Cleaner City Livingston LLC, A Cleaner City Millburn LLC, A Cleaner City Springfield LLC, A Cleaner City West Caldwell LLC, A Cleaner City Westwood LLC.

## FLSA 216 (b) Collective Action Allegation

51.     Upon information and belief, defendants have also hired and fired more than 30 employees who performed the same or similar work as the Plaintiffs did for 3 years.

52.     All of the named Plaintiffs held the similar position, namely, dry cleaner worker.

## JURISDICTION AND VENUE

53.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

54.     All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as though set forth fully at length herein.

7

55. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq*.

56. During their employment for Defendants, Plaintiffs regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of twelve (12) hours per day and seventy (70) hours per week.

57. Plaintiffs regularly worked more than 40 hours a week and were never paid the proper amount of overtime wages.

58. This Court has jurisdiction to hear this Count 29 U.S.C. §216(b) and venue is proper in this judicial district.

59. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

60. Plaintiffs were directed by Defendants to work and did so work, in excess of forty (40) hours per week.

61. Pursuant to 29 U.S.C. §207, for all weeks, during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

62. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

63. Defendants' failure and refusal to pay overtime premium at one-half times Plaintiffs' rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

64. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiffs, on behalf of themselves, and the FLSA collective plaintiffs, respectfully request that this court enter an order providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d) judgment in the amount of one-half times Plaintiffs' regular rate for all hours which Plaintiffs worked in excess of forty (40) hours per week;

e) Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

f) Reasonable attorney's fees and costs incurred in filing this action; and

g) Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: September 24, 2019

                                           /s/ Ryan Kim
                                          Ryan J. Kim

                                          Ryan Kim Law
                                          163-10 Northern Blvd. Suite 205
                                          Flushing, NY 11358
                                          Attorney for Plaintiffs