**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| Young Sang Kim, Jin Hee Kim, In Jun Bang and Ok Hwan Bang<br>On behalf of themselves and all other Plaintiffs similarly situated known and unknown<br><br>Plaintiffs,<br>v.<br><br>A Cleaner City Livingston LLC, A Cleaner City Millburn LLC, A Cleaner City Springfield LLC, A Cleaner City West Caldwell LLC, A Cleaner City Westwood LLC, Young Sun Lee aka Tom Lee and Estelle Lee<br><br>Defendants. | Index No. 19-18299 (MF)<br><br><br><br><br>**ORDER APPROVING**<br>**FLSA SETTLEMENT AND**<br>**CLOSING CASE** |

Plaintiffs Young Sang Kim, Jin Hee Kim, In Jun Bang, and Ok Hwan Bang ("plaintiffs") commenced this action on September 24, 2019, seeking to recover their unpaid wages, overtime compensation, and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., the New Jersey Wage and Hour Law York and New Jersey Wage and Payment Law. (See Complaint, dated September 24, 2019, Dkt. No. 1.) The court held settlement conferences on September 3, 2020, and October 21, 2020. During the conferences, the parties reached a settlement of this matter, the terms of which are set forth in a Settlement Agreement and Release (the "Settlement Agreement") filed with the court. (See Sett. Agr.)

On November 20, 2020, plaintiffs filed a letter requesting that the Court approve the Settlement Agreement as fair and reasonable (See Letter for settlement approval Dkt. No. 30; Settlement Agreement, Ex. A.) On October 21, 2020, the parties consented to Magistrate Judge jurisdiction to decide that motion. (See Consent to Magistrate Judge Jurisdiction, dated Oct. 21, 2020, Dkt. No. 28.)

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945). However, employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).

The Court considered the strengths of the parties' cases, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, the strengths and weaknesses in the parties' respective cases, and the parties' desire to resolve the dispute sooner, rather than later. The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. The plaintiffs have accepted less money than their claims they are owed while the defendants, who have denied liability, have agreed to pay the plaintiffs more than they believe they are due under the law. Both have agreed to settle as a result of reasonable strategic and financial considerations.

The settlement is reasonable not just when viewed in light of the plaintiffs' claims against defendants (and defendants' defenses to those claims), but also in light of the amounts that the plaintiffs and their counsel will each receive.

The Court finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the parties' settlement agreement is fair and reasonable, the settlement is **APPROVED**, the motion for settlement approval is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**. The Court reserves jurisdiction to enforce the terms of the parties' settlement. The Clerk is directed to **CLOSE THIS CASE**.

ORDERED this 8th of December, 2020.


s/Mark Falk
Mark Falk
United States Magistrate Judge